[Civ. No. 10570. Fourth Dist., Div. Two. July 29, 1971.]

E. M. GHERMAN et al., Plaintiffs and Respondents, v.
RICHARD D. COLBURN et al., Defendants and Appellants.

## COUNSEL

Jackson, Kumler, Copes & Croskey, Wilson, Borror & Dunn, Morton B. Jackson, H. Walter Croskey and Stanley Feldsott for Defendants and Appellants.

Lonergan, Jordan & Gresham, Williams & Williams and Allen B. Gresham for Plaintiffs and Respondents.

## OPINION

**KERRIGAN, Acting P. J.**—In June 1969 plaintiffs filed suit against defendants for breach of an alleged joint venture agreement and requested that

the joint venture be judicially terminated, the assets thereof be sold, and the proceeds divided. Defendants' answer denied the existence of the joint venture. Defendants did not counterclaim or cross-complain or seek affirmative relief in the answer. Discovery ensued. A pretrial hearing was held on November 7, 1969. At the conference, plaintiffs demanded a jury trial, apparently on the theory that they were also seeking $3,000,000 in damages by reason of the breach. The case was set for trial on February 16, 1970.

On February 17, 1970, the matter was assigned to Judge Margaret Morris for trial. Defendants objected to a jury trial on the ground that the action was equitable in nature; plaintiffs contended that both legal and equitable issues were involved and that they were entitled to a jury trial on the legal issues. Following an extended argument in chambers, the matter was continued to the next day to enable plaintiffs' counsel to do further research on the jury trial issue. When court reconvened the following day, Judge Morris denied the demand for a jury trial. She then commented that she would not be "offended" if plaintiffs disqualified her in view of her ruling on the "hotly contested" jury trial issue. Plaintiffs' counsel requested a few minutes to discuss the matter with his clients and within an hour he returned and requested that the cause be reassigned to the master calendar. Within 15 to 20 minutes plaintiffs filed a dismissal without prejudice. When counsel and the parties appeared before Presiding Judge Katz, plaintiffs' attorney informed the court that a dismissal had been filed with the county clerk. A copy of the dismissal was served on the court and opposing counsel.

The following day, plaintiffs filed a new action in the Los Angeles Superior Court on the theory of the tortious exclusion of a joint venturer from the joint venture assets. In this suit, plaintiffs alleged that the joint venture agreement was entered into in Los Angeles County and one of the defendants resided therein. The tort action was apparently filed in the expectation that it would enable plaintiffs to secure a jury trial.

In March 1970, the defendants filed a motion in the San Bernardino Superior Court for an order vacating the dismissal and restoring the matter to the calendar on the ground that the trial had "commenced" before Judge Morris. The motion was heard and argued and the defendants' motion was denied. This appeal is from the order denying the motion and the sole issue is whether the court acted with propriety in refusing to vacate the dismissal.

■ Defendants maintain that the trial court acted erroneously in refusing to vacate the voluntary dismissal since the trial had *commenced* within the meaning of section 581 of the Code of Civil Procedure. They further claim that the filing of a voluntary dismissal when the case had been called for trial, followed by the filing of a second suit based on the same

transaction, reduces the litigation to a "contest of logistics, trickery, and deceit" and contributes to court congestion, thereby violating the policy factors underlying the code, which was designed to encourage speedy trials and settlement and to discourage multiple litigation and forum-shopping.

However, other factors must also be considered in determining the applicability of the statute. Prior to 1947, section 581 of the Code of Civil Procedure had been interpreted to allow dismissal during trial, but prior to submission. (See *MacDermot* v. *Grant,* 181 Cal. 332, 334 [184 P. 396].) This practice led to a number of abuses, wherein plaintiffs, learning of, or suspecting, an adverse decision, dismissed the suit after the presentation of the case, thereby putting defendant to considerable expense and effort and wasting valuable court time. (See generally, 2 Witkin, Cal. Procedure (1954) Proceedings Without Trial, § 22, pp. 1658-1660.) In 1947, the section was amended to eliminate such abuses. As amended, the statute states that an action may be dismissed by plaintiff at any time before the actual commencement of the trial, provided that a counterclaim has not been set up or affirmative relief sought by cross-complaint or answer of the defendant. (Code Civ. Proc., § 581, subd. 1.)

The crucial issue on appeal is whether the trial "actually commenced" before Judge Morris. ". . . A trial shall be deemed to be *actually commenced at the beginning of the opening statement of the plaintiff or his counsel* and if there shall be no opening statement, then at the time of the administering of the oath . . . to the first witness, or the introduction of any evidence." (Italics supplied.) (Code Civ. Proc., § 581, subd. 1.) The policy underlying the privilege of dismissing an action before the commencement of trial is to afford to the plaintiff a certain amount of freedom of action within the limits prescribed by the code. (See *Simpson* v. *Superior Court,* 68 Cal.App.2d 821, 825 [158 P.2d 46].) In order to curtail the plaintiff's privilege of dismissing his action voluntarily, the defendant must clearly and specifically bring himself within the terms of the statute; i.e., request affirmative relief, or prove that plaintiff has made an opening statement, or that a witness has been sworn or evidence introduced. (*In re Mercantile Guaranty Co.,* 263 Cal.App.2d 346, 350-352 [69 Cal.Rptr. 361].) Prior to the actual commencement of trial, plaintiff may dismiss the action without prejudice; after the actual commencement of the trial, a dismissal is allowed to stand but is deemed to be a dismissal with prejudice. (*Hehr* v. *Swendseid,* 243 Cal.App.2d 142, 151 [52 Cal.Rptr. 107]; *Fisher* v. *Eckert,* 94 Cal.App.2d 890 [212 P.2d 64].) Any change in this policy must come from the Legislature, not the courts.

Although the case was assigned for trial to Judge Morris, defendants objected to a jury trial. Judge Morris requested that counsel convene with her

in chambers for the purpose of determining whether plaintiffs were entitled to a jury trial. The defense attempts to assert that during the proceedings in chambers, plaintiffs' counsel made an opening statement, thereby "commencing" the trial within the meaning of the statute. However, the minutes describe the proceedings in chambers as a hearing on motion for jury trial and hearing on motion to quash subpoena duces tecum. The court reporter described the hearing in chambers simply as "proceedings." The judge, herself, obviously considered the motion as being pretrial in nature for she allowed the plaintiffs to disqualify her, and such disqualification would not lie once the trial had commenced. (See Code Civ. Proc., § 170.6.) After ruling in favor of the defense on the motion in opposition to the jury trial, the case was transferred to the presiding judge for assignment for trial. The record is abundantly clear that no opening statement was made and that the trial never started.

██ Moreover, it is a well-settled proposition of law that where the plaintiff has filed a voluntary dismissal of an action pursuant to section 581, subdivision 1, the court is without jurisdiction to act further (*Egly* v. *Superior Court,* 6 Cal.App.3d 476, 483 [86 Cal.Rptr. 18]; *Eddings* v. *White,* 229 Cal.App.2d 579, 583 [40 Cal.Rptr. 453]; see *Klinghoffer* v. *Barasch,* 4 Cal.App.3d 258 [84 Cal.Rptr. 350]), and any subsequent orders of the court are simply void. (*Eddings* v. *White, supra.*) ██ Consequently, the superior court ruled with propriety in denying the motion to vacate the dismissal.

In a final attempt to avoid the statute, defendants assert that the plaintiffs are estopped from denying that the trial had commenced. Section 623 of the Evidence Code governing estoppel provides: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it."

Defendants maintain that plaintiffs lulled them into a false sense of security in filing the dismissal after they had incurred considerable expense in pleading, in discovery and in preparing for trial, and that at the time plaintiffs' counsel accepted the offer of Judge Morris to have the case assigned to another judge for trial, he knew that he secretly intended to file the dismissal. However, the concept of invoking estoppel to prevent a plaintiff from dismissing a lawsuit has been advanced and rejected before. (See *In re Mercantile Guaranty Co., supra,* 263 Cal.App.2d 346, 354-356.) ██ In any event, whether estoppel exists ordinarily presents a factual question, and the superior court's determination is binding on appeal unless the contrary conclusion is the only one which may be drawn from the facts.

(*Alberts* v. *County of Los Angeles,* 62 Cal.2d 250, 266 [42 Cal.Rptr. 89, 398 P.2d 129].) Defendant's claim of estoppel was properly denied below.

The order is affirmed.

Tamura, J., and Gabbert, J., concurred.

A petition for a rehearing was denied August 17, 1971, and appellants' petition for a hearing by the Supreme Court was denied September 22, 1971.