[Civ. No. 67013. Second Dist., Div. One. Aug. 8, 1983.]

AVI DATNER, Plaintiff and Appellant, v.
MANN THEATRES CORPORATION OF CALIFORNIA,
Defendant and Respondent.

COUNSEL

Robert E. Guilford for Plaintiff and Appellant.

Edward G. Lewis for Defendant and Respondent.

OPINION

**DALSIMER, J.**—Appellant appeals from an order vacating and setting aside a dismissal which had been requested by appellant and entered by the clerk. Appellant also appeals from a subsequent order sustaining without leave to amend a demurrer filed by respondent to appellant's complaint.

On April 16, 1981, appellant filed his complaint against respondent and others who are not parties to this appeal. On September 21, 1981, respondent filed a demurrer and motion to strike together with a notice of hearing thereon. On October 22, 1981, pursuant to Code of Civil Procedure[1] section 581, subdivision 1, appellant filed a request for dismissal of the entire action as to all defendants without prejudice, and the dismissal was entered on the register of actions on that date. The declaration of respondent's counsel filed with a supplemental memorandum of points and authorities in support of the demurrer avers that on the day before the hearing scheduled for the demurrer, respondent's secretary received a telephone call from counsel for appellant advising that said counsel had caused the request for dismissal to be filed and that the hearing on the demurrer had been canceled; that thereafter, respondent's counsel, learning that the demurrer had been taken off calendar by the clerk in Department D of the West District of the Los Angeles Superior Court, went to the court clerk's office and contacted a

---

[1] All statutory references are to the Code of Civil Procedure.

supervisor; and that, upon verifying that the dismissal had been entered on the register of actions, respondent's counsel complained of this action and was assured by the supervisor that she would take corrective action. We infer from the record that the corrective action taken was the preparation by the supervisor of a certificate of the clerk that the dismissal was entered by mistake and the execution by Judge Rafeedie of an order, based upon such certificate, vacating and setting aside the dismissal.

■ Appellant contends herein that the superior court was without jurisdiction to set aside appellant's voluntary dismissal of the action and thus that the court was, a fortiori, without jurisdiction to thereafter rule on the demurrer filed by respondent. As we agree with these contentions, we reverse.

Section 581 provides in pertinent part as follows: "An action may be dismissed in the following cases: [¶] 1. By plaintiff, by written request to the clerk, . . . at any time before the actual commencement of trial . . . . A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or his counsel, and if there shall be no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence."

A plaintiff may as a matter of right dismiss an action until there has been a hearing on the demurrer filed by a defendant and the matter has been submitted to the court. This was decided almost 100 years ago in *Goldtree* v. *Spreckels* (1902) 135 Cal. 666, 668, 672-673 [67 P. 1091]. That seminal case was reaffirmed by *Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 787-788 [176 Cal.Rptr. 104, 632 P.2d 217].

Based upon *Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d 781, respondent importunes this court to affirm the actions of the trial court. Respondent's reliance on *Wells* is not warranted as the facts therein are readily distinguishable from those in the case at bench. In *Wells,* defendant had filed a general demurrer to the plaintiff's second amended complaint. That demurrer was sustained with leave to amend within 30 days. When plaintiff failed to amend, defendant mailed notice of motion to dismiss the action with prejudice pursuant to the provisions of subdivision 3 of section 581. It was at this juncture that plaintiff filed a request to dismiss the action without prejudice pursuant to section 581, subdivision 1. The *Wells* court, although approving the *Goldtree* holding, refused to extend the opportunities for voluntary dismissal beyond those recognized by *Goldtree*. The direct holding in *Wells* is, "[O]nce a general demurrer is sustained with leave to amend and plaintiff does not so amend within the time authorized by the court or otherwise extended by stipulation or appropriate order, he can no

longer voluntarily dismiss his action pursuant to section 581, subdivision 1, even if the trial court has yet to enter a judgment of dismissal on the sustained demurrer. (Anticipating another possible source of procedural confusion [citation], we note that such right of voluntary dismissal, which is not barred until expiration of plaintiff's time to amend after the sustaining of the demurrer, would also not be impaired *prior* to a decision sustaining the demurrer.)" (*Id.*, at pp. 789-790, original italics.)

In the case at bench, not only had the demurrer not been sustained at the time that appellant filed his request for dismissal, but the hearing upon such demurrer had not occurred and was not even set for that day. Respondent, going outside the record, informs us that during a conference in chambers between Judge Rittenband and both counsel, the judge indicated that he had tentatively decided that the demurrer was meritorious and should be sustained. Based upon this unreported expression of Judge Rittenband's impressions, respondent argues that the demurrer had been "submitted." We are unpersuaded.

We take judicial notice of the fact that many judges presiding in the law departments of superior and municipal courts issue tentative rulings on calendared cases prior to the time of hearing. This procedure is helpful to counsel and tends to expedite judicial administration. Respondent's argument, when analyzed, urges us to declare a new rule of law to the effect that a tentative ruling of the trial court issued during the pendency of a hearing upon a demurrer negates the statutory authority conferred by section 581, subdivision 1. We decline to so declare.

The order sustaining the demurrer without leave to amend, having been made without jurisdiction, is reversed. The order vacating and setting aside the dismissal of the within action, being beyond the jurisdiction of the trial court, is reversed.

Lillie, Acting P. J., and Riley, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.