[Civ. No. 24764. Third Dist. Mar. 28, 1986.]

CAL-VADA AIRCRAFT, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF PLACER COUNTY, Respondent;
U.S. FIRE INSURANCE COMPANY et al., Real Parties in Interest.

COUNSEL

Borton, Petrini & Conron, Warren C. Wetteroth and Roy J. Gargano for Petitioners.

No appearance for Respondent.

Reid & Axelrod, Peter Axelrod, Neil D. Reid, Bronson, Bronson & McKinnon, Paul H. Cyril, Elliot L. Bien and Richard R. Dale for Real Parties in Interest.

OPINION

**REGAN, Acting P. J.**—In this case we decide whether a partial adjudication of issues pursuant to Code of Civil Procedure section 437c constitutes a "trial" under Code of Civil Procedure section 581, subdivision (a), the "voluntary dismissal" statute.

Petitioners Cal-Vada Aircraft, Inc., and Michael A. Brown (Cal-Vada) seek a writ of mandate to compel the trial court to vacate both its order setting aside Cal-Vada's voluntary dismissal of cross-defendant Bussey without prejudice and its subsequent order dismissing Bussey with prejudice. Prior to trial, Cal-Vada filed a voluntary dismissal pursuant to Code of Civil Procedure section 581, subdivision (a),[1] dismissing its cross-complaint against Bussey only, without prejudice. The trial court, ruling that an earlier partial summary adjudication constituted a commencement of the trial, set the voluntary dismissal aside and, on its own initiative, dismissed Bussey from the action with prejudice. Cal-Vada contends the trial court erred in concluding the order of partial summary adjudication of some, but not all, of the issues, was equivalent to the commencement of trial within the meaning of section 581, subdivision (a), and thus it was error to set aside Cal-Vada's dismissal of Bussey without prejudice and to enter a dismissal with prejudice. We agree and shall issue a writ of mandate commanding the trial court to vacate both its order setting aside the dismissal without prejudice and its order dismissing cross-defendant Bussey with prejudice.

## FACTS

On May 22, 1982, William B. Layton, Jr., was killed in a crash of a seaplane chartered from Cal-Vada for the purpose of taking aerial photographs. At the time of the fatal crash, the pilot of the plane was Gregory Gojkovich, an employee of Cal-Vada, and who also was killed in the accident. The heirs of decedent Layton filed an action for wrongful death against Cal-Vada in the Superior Court of Placer County.

At the time of the accident, Cal-Vada was insured under a liability policy issued by U.S. Fire Insurance Company, Aviation Office of America, Inc., (U.S. Fire). Cal-Vada purchased the policy through an insurance broker, Bussey, Cantor & Triplett Insurance Brokers, Inc. (Bussey). Subsequently, U.S. Fire denied coverage for the fatal accident in which decedent Layton was killed, maintaining the insurance policy it issued to Cal-Vada did not provide coverage for the fatal accident because Gojkovich was not a named pilot in the policy. The heirs of Layton eventually entered into a stipulated judgment in the wrongful death action for $1.5 million, in exchange for a covenant not to execute, running in favor of Cal-Vada and an assignment of Cal-Vada's rights against the insurance companies.

---

[1] Unless otherwise noted, all statutory references are to the California Code of Civil Procedure.

At the time of the partial summary adjudication, subdivision (a) was denoted subdivision (1). (Stats. 1984, ch. 1705.)

On April 11, 1983, U.S. Fire filed an action in Placer County against Cal-Vada seeking declaratory relief. U.S. Fire alleged the policy issued to Cal-Vada did not provide coverage for the fatal accident because Gojkovich was not a named pilot in the policy. Cal-Vada filed both an answer denying the material allegations of the complaint and a cross-complaint naming both U.S. Fire and Bussey as cross-defendants.

In its cross-complaint, Cal-Vada alleged Gojkovich was covered by the policy by virtue of actions taken by Bussey according to past practices; that Bussey was the actual or ostensible agent of U.S. Fire; and that U.S. Fire was estopped from denying coverage by virtue of its own past actions. The cross-complaint alleged the policy was ambiguous as to the coverage provided to Cal-Vada and sought reformation.

In June 1983 Cal-Vada brought a separate action in the Alameda County Superior Court against the insurance agencies, real parties in interest in this case. By stipulation of the parties the Alameda Superior Court action was abated pending disposition of the declaratory relief action in Placer County.

On February 2, 1984, U.S. Fire, as plaintiff in the original action, moved the Placer County Superior Court for a summary judgment. The trial court ruled the policy was not ambiguous and the insurance company was entitled to an adjudication that Gojkovich was not included within the language of the coverage. The court also found that under the written agency agreement Bussey did not have *actual* authority to bind U.S. Fire to such coverage without its approval. However, the trial court found there was a factual dispute on the question of *ostensible* authority which could not be resolved by summary judgment. The trial court concluded the question of U.S. Fire's ostensible agency relationship with Bussey must be tried on its merits.[2]

On January 8, 1985, prior to the commencement of trial on the issues not disposed of by the court's order on U.S. Fire's motion for summary judgment, Cal-Vada filed a voluntary dismissal pursuant to section 581, subdivision (a) (formerly subd. (1)—see fn. 1, *ante*), dismissing the cross-com-

---

[2]The summary adjudication in the present case included the following language: "The policy . . . does not include Gregory Gojkovich in coverage. At least as to this issue, plaintiff is entitled to its requested summary adjudication. . . . [¶] The Court finds that there is no substantial issue on a question of the *actual* agency of Bussey-Cantor and Triplett. . . . [¶] It is clear that there is more than a minor factual dispute between defendant Brown and defendant insurance agency regarding what was said regarding insurance coverage. . . . [¶] The foregoing contentions, together with their underlying factual justifications, constitute a significant factual dispute which cannot be resolved by summary judgment. The question of plaintiff's ostensible agency relationship with Bussey-Cantor and Triplett, therefore, must be tried on its merits."

plaint against cross-defendant Bussey only, without prejudice. When the trial court's attention was drawn to the clerk's entry of the dismissal, the trial court set the dismissal aside.

Cal-Vada then moved for reconsideration and the court heard argument on the question of the dismissal. The court concluded Cal-Vada could not voluntarily dismiss Bussey from the action because its ruling on U.S. Fire's motion for summary judgment constituted a commencement of the trial under section 581 and such a voluntary dismissal must be filed prior to commencement of trial. At the request of the court, Cal-Vada then agreed that the court could enter a dismissal of Bussey from the action with prejudice, on grounds Cal-Vada had abandoned its action as to Bussey (see § 581, subd. (d)), so that jury trial could proceed. The court and Cal-Vada agreed that the dismissal with prejudice would not eradicate Cal-Vada's objection to the court's vacating of Cal-Vada's prior voluntary dismissal without prejudice. Thereafter, the court dismissed Bussey from the action with prejudice.

U.S. Fire subsequently moved to dismiss the action against it on the ground that the dismissal with prejudice of the alleged ostensible agent precluded recovery against the principal. The court set the motion for hearing on February 13, 1985, with a jury trial ordered for March 5, 1985. Cal-Vada sought an alternative writ of prohibition or mandate to stay any further action or proceeding pending our review. On March 6, 1985, we issued that alternative writ, and set the matter for calendar in this court.

DISCUSSION

■ We consider here whether a hearing on a motion for summary judgment followed by an order of summary adjudication on some, but not all, of the issues raised in a complaint is a "trial," barring a plaintiff from filing a voluntary dismissal under section 581, subdivision (a).[3]

As this is a right prescribed by statute, in order to curtail the plaintiff's privilege of dismissing his action voluntarily "the defendant must clearly and specifically bring himself within the terms of the statute; i.e., request affirmative relief, or prove that plaintiff has made an opening statement, or that a witness has been sworn or evidence introduced." (*Gherman* v. *Colburn* (1971) 18 Cal.App.3d 1046, 1049 [94 Cal.Rptr. 424].) The question

---

[3]That subdivision provides in part: "An action may be dismissed in the following cases: [¶] (a) By plaintiff, by written request to the clerk, filed with the papers in the case . . . at any time before the actual commencement of trial, . . . A trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or counsel, and if there is no opening statement, then at the time of the administering of the oath or affirmation of the first witness, or the introduction of any evidence."

before us is whether trial had commenced before the voluntary dismissal was entered.

In this case, the trial court determined trial had commenced because there had been an order of summary adjudication on some, though not all, of the issues raised by the cross-complaint. In reconsidering its decision setting aside the dismissal, the court stated: "The question to me is whether or not by having that summary adjudication of issues the case proceeded to the equivalent of a trial, to the point where the dismissal provisions of 581, sub 1, would not apply. . . . [¶] I think given the posture of the case in terms of the date, the fact it was set for trial on motion for summary adjudication, I will for that reason recognizing that there may be a problem with jurisdiction, I don't think so, given that and for those reasons I will stand by the previous order setting that aside, and order that that dismissal not be entered."

Cal-Vada then rejected the trial court's invitation to fully participate in the trial without waiving objection to the trial court's ruling, but stated it would offer no evidence against the brokers and seek no relief against them. The court thereupon found Cal-Vada had abandoned the action as to the brokers and entered a dismissal with prejudice pursuant to section 581, subdivision (d).[4]

We must construe the pertinent provision of section 581, subdivision (a) which allows a plaintiff to dismiss "at any time before the actual commencement of trial, . . ." The statute defines the three points at which a trial commences: (1) at the beginning of plaintiff's opening statement; (2) the administration of oath or affirmation to the first witness; or (3) introduction of any evidence. (§ 581, subd. (a).) This language strongly suggests that the "trial" that is "deemed to be actually commenced" is one where the court or a jury hears issues of fact. The judicial activities outlined in the section normally relate to a trial of issues of fact and not to one reviewing solely issues of law.

However, in *Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 786-787 [176 Cal.Rptr. 104, 632 P.2d 217], the California Supreme Court has held this language does not create an exclusive test which somehow preserves the right of voluntary dismissal until the occurrence of one of

---

[4]The record discloses the parties referred to section 581, subdivision (4). However, in the context of the discussion it is clear the reference was to section 581, subdivision (d), which provides an action may be dismissed "By the court, with prejudice to the cause, when upon the trial and before the final submission of the case, the plaintiff abandons it." Moreover, prior to the amendments to section 581, former subdivision 4 was the same as the present section 581, subdivision (d).

these specific acts. ▮▮▮ *Wells* notes a trial is the determination of an issue of law *or* fact, citing its decision in *Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8]. (*Wells, supra,* at p. 787.) We briefly recount the history of section 581 leading to *Wells.*

Prior to 1947, section 581, subdivision (a) (then numbered (1)), permitted a plaintiff to voluntarily dismiss without prejudice "at any time before trial." (Historical Note, 16 West's Ann. Code Civ. Proc. (1976 ed.) § 581, p. 96; Amendments, Deerings Ann. Code Civ. Proc. (1972 ed.) § 581, p. 212.) In *Goldtree* v. *Spreckels* (1902) 135 Cal. 666 [67 P. 1091], the Supreme Court reviewed the case where a demurrer was sustained without leave to amend as to two of the plaintiff's three causes of action. The *Goldtree* court held the plaintiff was not entitled to voluntary dismissal as to those two causes of action because the trial court's hearing and determination of the demurrer constituted a trial. (*Id.,* at p. 669.) The *Goldtree* court held section 581 could not be restricted to mean trial of the merits after answer because "there may be such a trial on a general demurrer . . . as will effectively dispose of the case . . . ." (*Id.,* at p. 672.) The court cited *Tregambo* v. *Comanche M. and M. Co.* (1881) 57 Cal. 501, 505 "that 'when a court hears and determines any issue of . . . law for the purpose of determining the rights of the parties, it may be considered a trial'; . . ." (*Goldtree, supra,* at pp. 670-671.) In *Goldtree,* it was the court's hearing *and determination* of the demurrer that constituted a trial. (*Id.,* at p. 669; quoting *Tregambo* v. *Comanche M. and M. Co., supra,* 57 Cal. at p. 505.) The result of *Goldtree* was to establish a cutoff point for voluntary dismissal "upon the court's order" in trials involving only issues of law. (See *Wells* v. *Marina City properties, Inc., supra,* 29 Cal.3d at pp. 787-788; see also dis. opn. of Carr, J., Bird, C. J., conc., at p. 791.) *Goldtree's* use of the "determination" language supported a view that on issues of law, the cutoff point was upon a court's order where nothing remains to be done except enter judgment. (*Goldtree, supra,* 135 Cal. at p. 672; see also *Wells, supra,* dis. opn. of Carr, J., at p. 793.)

As a result of an abusive practice by plaintiffs voluntarily dismissing actions after the case had been called for trial or, even more seriously, after the parties and the court had been engaged substantially in trial on the merits, section 581, subdivision (a) "was amended to its current form, now affording plaintiff a right to dismiss 'at any time before the actual commencement of trial,' . . ." (*Wells, supra,* 29 Cal.3d at p. 786.) The amendment listed the three events outlined above, which constitute commencement of trial. *Wells* rejected the notion that the amendment established an "exclusive test" (*id.,* at p. 786) or that it undermined the rationale of *Goldtree* (*id.,* at p. 787). The *Wells* court concluded the plaintiff in that case was not entitled to voluntary dismissal where the trial court sustained a demurrer

with leave to amend and the plaintiff failed to amend within the allotted time, even though judgment had not been entered. (*Id.,* at p. 789.) *Wells* resolved a conflict between section 581, subdivision (a) (plaintiff's right to dismissal without prejudice before commencement of trial) and section 581, subdivision (c) (defendant's right to dismissal with prejudice after a demurrer is sustained with leave and the plaintiff failed to amend). (*Id.,* at p. 789.)

While the *Wells* court framed the issue as being when a trial of issues of law commenced (*id.,* at pp. 787-788), the court did not resolve the question except in the context of a general demurrer having been sustained with leave to amend where plaintiff does not amend within the time authorized by the court. (*Id.,* at p. 789.) Thus, *Wells* does not adequately define for us whether trial has commenced in summary adjudication proceedings. We note, however, the Supreme Court stated in dicta that the "right of voluntary dismissal, . . . would . . . not be impaired *prior* to a decision sustaining the demurrer." (*Id.,* at pp. 789-790, original italics.) The statement lends support to the notion our Supreme Court continues to hold that it is the hearing *and determination* of a question of law which constitutes a trial of the question of law for the purposes of the voluntary dismissal statute.

Relying on *Wells,* the Supreme Court ruled in *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088], that even after a demurrer has been sustained with leave to amend, followed by an amended complaint and a new demurrer, plaintiff is entitled to voluntarily dismiss before any decision is made on the new demurrer. (*Id.,* at p. 785.) Obviously, where leave to amend is granted, the case is not brought to the point of final determination until the time to amend has expired. We think *Christensen* clarifies the dilemma posed by the *Wells* dissent, namely, whether the first ruling on a demurrer (with leave to amend) constitutes the commencement of the trial of law barring dismissal. It is now clear it is the sustaining of a demurrer *that brings the case to final disposition* which constitutes the commencement of the trial of law. This would include those demurrers sustained with leave where plaintiff fails to amend, but not until the time to amend has expired. (*Wells, supra,* 29 Cal.3d at pp. 789-790.)

We must next determine if a partial summary adjudication is the kind of trial of a question of law which would bar voluntary dismissal. The critical language in *Goldtree* focusing on this question (in the context of a demurrer) states: ". . . there may be such a trial on a general demurrer to the complaint *as will effectively dispose of the case* where the plaintiff has properly alleged all the facts which constitute his cause of action." (*Goldtree, supra,* 135 Cal. at pp. 672-673, italics added; see *Wells, supra,* 29 Cal.3d at p. 785.) The Supreme Court has noted "[i]t should . . . be clear that an action is not subject to dismissal where issues of law leading to its final

determination have been submitted. . . . The essential thing is that the action be *brought to a stage where final disposition is to be made of it.*" (*Berri v. Superior Court, supra,* 43 Cal.2d at pp. 859-860, italics added.) Thus, while the court has not construed the nature of partial summary adjudications in context with the voluntary dismissal statute, it has held plaintiffs are barred from dismissal when a question of law which leads to the final determination, i.e., which will effectively dispose of the case, has been heard and determined accordingly.

In *Miller v. Marina Mercy Hospital* (1984) 157 Cal.App.3d 765 [204 Cal.Rptr. 62], the Second District Court of Appeal considered whether a plaintiff's right to dismiss pursuant to section 581, subdivision (a) was terminated by plaintiff's default on a request for admissions, which thereby deemed admitted all the issues in the case. (*Id.,* at pp. 769-770.) The trial court had denied the plaintiff's request for relief from the deemed admissions. Based on this denial, the defendants filed for summary judgment. Before the hearing on the summary judgment motion the plaintiffs voluntarily dismissed under section 581, subdivision (a). The trial court granted the summary judgment. The plaintiffs then moved to vacate the summary judgment, but their motion was denied and the appeal followed. (*Id.,* at p. 767.)

The *Miller* court noted the question of when trial begins for purposes of voluntary dismissal without prejudice under section 581, subdivision (a) has not been addressed in cases in which a dismissal is filed after a summary judgment motion is made. (*Id.,* at p. 768.) However, the *Miller* court did not decide the case on the basis of the effect of the summary judgment, but instead on the deemed admissions. It held the deemed admissions resolved *all* issues and brought the case to a point of effectual disposition. (*Id.,* at p. 770.) ▮ *Miller* noted the language in section 581, subdivision (a), which sets forth the events which "commence" a trial, is "illustrative rather than exclusive of the circumstances under which a trial has begun," citing *Wells, supra,* 29 Cal.3d at p. 785. (*Id.,* at p. 768.) The court stated "a trial of issues may take place earlier in a lawsuit than the events listed in the statute." (*Id.,* at p. 770.)

The *Miller* court also noted the decision in *Datner v. Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 770 [193 Cal.Rptr. 676] which upheld a plaintiff's voluntary dismissal entered after a demurrer was filed, but before a ruling was made by the trial court. The *Datner* case was relevant to the question before the *Miller* court because the *Miller* defendants (who obtained their summary judgment *after* the plaintiff's voluntary dismissal) maintained the deemed admissions taken against the plaintiffs as a result of the plaintiff's default in answering defendants' requests for admissions re-

solved all the factual issues of the case in the defendants' favor, making the granting and entry of the summary judgment a mere formality. (*Miller, supra,* 157 Cal.App.3d at p. 769.) The *Miller* court agreed with *Datner* and held the default which deemed admitted all the issues in the case terminated the plaintiff's right to voluntarily dismiss. (*Id.,* at p. 770.) ▆ In *Miller,* unlike *Datner,* the appellate court was faced with reviewing a judicial event which effectively resolved all the issues in that case. *Datner* stands for the proposition that while such an event may be imminent, the right to voluntarily dismiss is not terminated until there has been a hearing and submission on the question of law. (*Datner, supra,* 145 Cal.App.3d at pp. 770-771.)

A partial summary adjudication under section 437c, subdivision (f)[5] is unlike summary judgment precisely because it does not resolve all the issues in the case. Indeed, the terms of the section apply when "some *but not all of the issues* involved in the action, . . ." are without substantial controversy. The court is required to specify "those issues raised by the motion as to which there exists a material, triable controversy, . . . At the trial of the action . . . [the court] shall proceed as to the issues [where there exists a material, triable controversy]."

In *Lemaire, Faunce & Katznelson* v. *Cox* (1985) 171 Cal.App.3d 297 [217 Cal.Rptr. 281] the Court of Appeal relied on this very point in holding that a partial adjudication of issues under section 437c does not constitute a trial for purposes of section 583, the mandatory dismissal statute activated when the action is not brought to trial within five years. The *Lemaire* court stated: "We accept the *King* v. *State of California* (1970) 11 Cal.App.3d 307 (89 Cal.Rptr. 715)] definition that 'it is the determination of an issue of law or fact which *brings the action to the stage where final disposition can be made.*'" (*Lemaire, supra,* at p. 301, original italics; quoting *King, supra,* at p. 310.)

It is true the policy considerations in finding that a trial does not commence with a partial adjudication of issues for the purpose of the mandatory dismissal statute (§ 583) may be different than for the purpose of the voluntary dismissal statute (§ 581). As the *Lemaire* court pointed out, "Enact-

---

[5]Section 437c, subdivision (f) provides: "(f) When the moving party moves for summary adjudication of issues, either by itself or as an alternative to summary judgment, if it appears that the proof supports the granting of such motion as to some but not all the issues involved in the action, or that one or more of the issues raised by a claim is admitted, or that one or more of the issues raised by a defense is conceded, the court shall, by order, specify that such issues are without substantial controversy. Moreover, upon that motion, the court shall, by written or oral order, specify those issues raised by the motion as to which there exists a material, triable controversy, and refer to the evidence which establishes a triable issue of fact regarding each of those issues. At the trial of the action the issue so specified shall be deemed established and the action shall proceed as to the issues remaining."

ment of section 583 constituted legislative determination that a five-year delay was unreasonable as a matter of law. [Citation.] . . . If the partial adjudication was a 'trial,' [defendant] Cox assumably would have five more years to delay final disposition. Conceivably a partial adjudication of an issue four years and eleven months after filing the complaint would give a party almost 10 years for delay tactics." (*Lemaire, supra,* 171 Cal.App.3d at pp. 301-302.)

■ Under section 581, however, a plaintiff may as a matter of right dismiss an action until there has been a hearing and decision on questions of law. (*Datner* v. *Mann Theatres Corp., supra,* 145 Cal.App.3d at p. 770; *Goldtree* v. *Spreckels, supra,* 135 Cal. at pp. 669-670.) The purpose behind this right is to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code. (*Gherman* v. *Colburn, supra,* 18 Cal.App.3d at p. 1049.) ■ Obviously, "[p]ermitting a plaintiff to exercise an *absolute* right to dismiss his action without prejudice to recommencing suit based upon the same allegations, even after the trial court has ruled definitively and adversely on the sufficiency of those allegations, makes neither good sense nor good law." (*Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d at p. 788, italics added.) We note, however, that the holdings in *Wells* and *Miller* v. *Marina Mercy Hospital, supra,* 157 Cal.App.3d at page 770 specifically limit the power to voluntarily dismiss by construing the term "commencement of trial" to include hearings and determinations on questions of law, such as demurrers and deemed admissions. This construction serves to protect a defendant from repeated suits based on the same allegations. (*Wells, supra,* at p. 788.)

■ Permitting a plaintiff to dismiss after a partial adjudication of issues does not run afoul of the above considerations. As to those issues remaining for trial, the defendant, once dismissed, need not face the issues more than once at trial, and perhaps not at all. The plaintiff is given the opportunity to save all the parties from the expense and time of additional judicial proceedings. As to the issues which have been summarily adjudicated adversely to the plaintiff as "without controversy," the defendant may be able to defend in any future action on the basis of collateral estoppel or res judicata, although we do not determine that question here. "Section 437c . . . states that if the court specifies that 'such issues are without substantial controversy,' then *at the trial* 'the issue so specified shall be *deemed established* and *the action shall proceed as to the issues remaining.'* . . . Surely this language does not anticipate relitigation of issues which have already been established. Indeed, if that were the case, motions for partial summary judgment would be exercises in futility as attorneys would face the prospect of endlessly rearguing an issue which they had already exhaustively addressed

in their motions for summary judgment." (*Conway* v. *Bughouse, Inc.* (1980) 105 Cal.App.3d 194, 202 [164 Cal.Rptr. 585], original italics.)

██ Nonetheless, a plaintiff may have good cause to dismiss an action or a party after a summary adjudication of issues, and if other limitations permit, he should be free to pursue his allegations of injury anew on those issues remaining after the summary adjudication of issues. Our views here are consistent with the general proposition that trial would not have commenced with the summary adjudication so as to bar plaintiff from voluntarily dismissing the action or a party to the action.

Another line of analysis confirms our conclusion that trial does not commence with the summary adjudication. Section 437c, subdivision (f) provides in its final sentence: "*At the trial of the action* the issue so specified shall be deemed established and the action shall proceed as to the issues remaining." (Italics added.) The statute clearly contemplates the trial of the action is in futuro in relation to the partial adjudication of issues. As we have noted heretofore, the order granting defendant a partial summary judgment is not a final disposition of the case; the statute operates as a *pretrial* procedure. ██ As the court noted in *King* v. *State of California* (1970) 11 Cal.App.3d 307 [89 Cal.Rptr. 715] "[t]he order granting the motion establishes a defense only to 'so much' of the lawsuit as is specified; 'severs' the rest of the action; permits the severed portion to go forward to disposition by trial or other means; envisions a single judgment covering both that phase of the action affected by the summary judgment order and the phase not so affected; thus by implication, permits an appeal only after the trial court enters a judgment disposing of the entire lawsuit." (11 Cal.App.3d at pp. 311-312.)

██ Thus, as the summary adjudication statute contemplates, such proceedings do not constitute the "trial" which brings the action to the stage where final disposition can be made; they are not a trial of a question of law barring a plaintiff from voluntarily dismissing his action or a party to the action under section 581. In the instant case, even where the court determined the insurance policy was unambiguous and no actual agency existed between the brokers and the insurance company, the question of insurance liability was deemed triable on another theory [ostensible agency]. Unlike a summary judgment, the rights of the parties have not been determined here, and the matter must proceed to trial for that to occur.

In spite of the fact that U.S. Fire moved for summary judgment and not for "summary adjudication of issues, either by itself or as an alternative to summary judgment" (§ 437c, subd. (f)), we believe section 437c, subdivision (f) applies to this case. The trial court's resulting summary adjudication

is in essence a *denial* of summary judgment, because a significant trial issue remained which, the court concluded, could not "be resolved by summary judgment." Thus, the hearing on the motion did not result in the determination of the parties' rights and the matter had not gone to "trial."

■ As section 581, subdivision (a) permits voluntary dismissal prior to commencement of trial as a matter of right, the trial court is without jurisdiction to act further. (*Gherman* v. *Colburn, supra,* 18 Cal.App.3d at p. 1050.) Consequently, the trial court's orders setting aside the dismissal of cross-defendant Bussey and subsequently dismissing Bussey with prejudice, on whatever ground, are void. We need not discuss the trial court's reliance on section 581, subdivision (d) (formerly (4)), in its dismissal for abandonment.

■ In its return, real party Bussey raises for the first time an issue that Cal-Vada stipulated it would proceed against Bussey on its cross-complaint to its final resolution. Bussey argues that, assuming trial had not commenced, Cal-Vada's dismissal of Bussey without prejudice under section 581 was in contravention of this stipulation.

The stipulation was one reached to abate the action in Alameda County Superior Court. However, Bussey mischaracterizes the stipulation by asserting it is an agreement by Cal-Vada to proceed against Bussey on the merits to final *judgment* in the Placer County action. The stipulation says no such thing. It states: "The undersigned parties hereby stipulate that the court may enter its order abating the above entitled action pending final resolution of the complaint for declaratory relief entitled U.S. Fire Insurance Company v. Cal-Vada Aircraft, Inc. et al, pending in the Superior Court of the State of California for the County of Placer, case number 65279, or a period of 2 and ½ years from the date of filing of the complaint in this action, whichever is less."

The stipulation merely sets forth that the abatement of the Alameda County action may take effect "pending final resolution of the complaint for declaratory relief . . . ." Such final resolution could entail any number of possible actions and outcomes; the stipulation does not compel Cal-Vada to pursue its cross-complaint against cross-defendant Bussey to final judgment.

### DISPOSITION

Let a peremptory writ of mandate issue commanding the superior court to vacate both its order setting aside the voluntary dismissal of cross-defendant Bussey without prejudice and its order dismissing Bussey with prejudice.

Carr, J., concurred.

**SIMS, J.,** Concurring.—I do not read the thoughtful majority opinion as reaching the question whether the order of summary adjudication entered in this action would be given effect in any subsequent action filed by plaintiff. With that understanding, I concur in the opinion.