Filed 5/7/26  Strategic Business Holdings v. Kamjula CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| STRATEGIC BUSINESS HOLDINGS, INC., <br><br> Plaintiff, Cross-defendant and Respondent, <br><br> v. <br><br> SANDYA KAMJULA, <br><br> Defendant, Cross-complainant and Appellant; <br><br> JEANETTE HASHEMI et al., <br><br> Cross-defendants and Respondents. | G065193 <br><br> (Super. Ct. No. 30-2023-01327893) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre De La Cruz, Judge. Affirmed in part, reversed in part, and remanded.

Mousavi Law and Amy A. Mousavi; Cochran, Davis & Associates and Lisa Kralik Hansen for Defendant, Cross-complainant and Appellant.

Hashemi Law Firm and Benjamin Martin for Respondents.

\*          \*          \*

Defendant Sandya Kamjula challenges the trial court's dismissal of her cross-claims and its dismissal without prejudice of plaintiff Strategic Business Holdings, Inc.'s claims against her. She contends some of her cross-claims survived the court's adverse summary adjudication ruling. And she asserts the same ruling cut off Strategic's right to voluntary dismissal.

We find no error in the dismissal of Kamjula's cross-claims. The trial court's summary adjudication ruling disposed of all her cross-claims, which relied on a personal guarantee she never signed. But we agree that the summary adjudication terminated Strategic's right to dismiss its claims, which similarly relied on Kamjula's nonexistent personal guarantee. We therefore affirm in part and reverse in part.

FACTS

Kamjula's company (the buyer) contracted with Strategic to purchase Strategic's assets.[1] Kamjula signed on the buyer's behalf and the agreement provided that she would personally guarantee performance. The parties later agreed the buyer would execute a secured promissory note, also to be personally guaranteed by Kamjula. But neither a note nor a personal guarantee was ever executed.

After the transaction closed, things went sour and this litigation followed. Strategic sued Kamjula and the buyer for breach of the alleged promissory note and Kamjula's alleged personal guarantee.

---

[1] Kamjula used two different entities in the transaction. For convenience, we do not distinguish between them in this opinion.

2

Kamjula and the buyer cross-complained against Strategic and others, jointly asserting fraud in the inducement and related claims.[2] The buyer asserted additional claims for itself only.[3]

Strategic moved for summary adjudication on the cross-complaint.[4] Among other things, it contended Kamjula's claims failed because "[t]he sole basis for Kamjula's claim of injury under [the joint cross-claims] is that she was induced to execute a personal guarantee," which "Kamjula 'never' signed."

In her opposition, Kamjula addressed this contention in a section titled, "[Strategic's] Admission That a Personal Guarantee Was Never Signed . . . Requires Strategic to Dismiss Its [Claims]." (Cleaned up.) She did not dispute the assertion that the personal guarantee was the sole basis for her claims but asserted that if no guarantee existed, "Strategic ought to also dismiss its breach of personal guarantee claim in its Complaint." Alternatively, she claimed Strategic's complaint constituted a judicial admission that she *had* executed a personal guarantee.

In reply, Strategic emphasized that Kamjula "does not dispute that the sole basis for Kamjula's claim of injury is that she was induced to execute a personal guarantee . . . ."

The trial court granted summary adjudication against Kamjula on the joint cross-claims: "[T]o the extent that these claims are brought by

[2] For convenience, we refer only to Strategic.

[3] Kamjula alone also claimed intentional infliction of emotional distress.

[4] Strategic's summary adjudication motion did not challenge Kamjula's claim for intentional infliction of emotional distress, as she had indicated she would dismiss that claim, which she later did.

[Kamjula] in her individual capacity based on [her] personal guaranty of [the] $125,000 promissory note to Strategic, there is no evidence showing that [she] can bring such claims in her personal capacity as there is no evidence supporting that she executed the personal guaranty. Thus, the Court **GRANTS** the motion for summary adjudication as to the [joint cross-claims] to the extent they are brought by [Kamjula] . . . ." It denied the motion as it pertained to the buyer, finding triable issues on the buyer's claims.

Strategic then sought to dismiss its claims against Kamjula without prejudice but the clerk rejected the filing for technical reasons. In an e-mail to Strategic's counsel, counsel for Kamjula and the buyer insisted that Strategic must dismiss the entire complaint. Strategic corrected the technical flaws in the form and refiled it without substantive change. The clerk entered the dismissal without prejudice.

Strategic next applied ex parte for entry of judgment dismissing Kamjula as both a defendant and cross-complainant. Opposing this application, Kamjula asserted her cross-claims were not based solely on the personal guarantee and therefore survived the summary adjudication ruling. The court denied ex parte relief for lack of irreparable harm or immediate danger but later entered judgment as requested.[5]

---

[5] After entering judgment, the court denied Kamjula leave to amend the cross-complaint, reasoning that it had already entered judgment against her.

4

I.

THE TRIAL COURT PROPERLY DISMISSED KAMJULA'S CROSS-CLAIMS

BASED ON ITS SUMMARY ADJUDICATION RULING

We find no error in the dismissal of Kamjula's claims because the summary adjudication ruling disposed of them. We review the ruling de novo. (*Smith v. Wells Fargo Bank, N.A.* (2005) 135 Cal.App.4th 1463, 1471.) The court granted summary adjudication on the joint cross-claims "to the extent they [we]re brought by [Kamjula]."[6] In other words, it granted summary adjudication on all her cross-claims.

The court's preceding statement—that the claims failed to the extent they were "brought by [Kamjula] in her individual capacity based on [her] personal guaranty of [the] $125,000 promissory note"—does not change this conclusion. In opposing summary adjudication, Kamjula did not dispute Strategic's assertion that her cross-claims were based solely on the personal guarantee. Instead, the relevant section of her opposition was dedicated to contending that if there was no guarantee, "Strategic ought to also dismiss its [claim]." Her alternative contention was that there *was* a personal guarantee. At no point did she assert that her claims survived regardless of the personal guarantee. Strategic's reply highlighted that there was no dispute that Kamjula's claims rested solely on the personal guarantee.

Given that posture, the trial court had no reason to distinguish between cross-claims based on the personal guarantee and any other theory.

---

[6] Kamjula's briefs omit this language in the court's order, even after Strategic's brief notes the omission and charges Kamjula with "misleadingly quot[ing] only part of the [ruling] to mischaracterize its scope . . . ."

Kamjula identified no alternative basis for relief and the court's ruling contained no such limitation.

Kamjula's failure to assert any alternative theory also defeats any challenge to the summary adjudication ruling itself. Because she did not raise the issue in her opposition, we will not entertain it now.[7] (*Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1170 [an appellate court will not consider issues that were not presented to the trial court].) Kamjula's counsel asserted at oral argument that a summary adjudication motion may address "separate and distinct wrongful acts even though combined with other wrongful acts alleged in the same cause of action." (*Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848, 1854–1855.) But Strategic contended that it was addressing the *only* wrongful act Kamjula had alleged in her causes of action. As noted, Kamjula did not dispute this in her opposition. We see no reason why the trial court would have been required to identify and articulate on its own any other theory Kamjula might have asserted. Accordingly, the trial court did not err in dismissing Kamjula's cross-claims.

---

[7] Although we do not decide the issue, we question whether Kamjula's cross-complaint actually alleged any claims independent of the alleged personal guarantee. To the extent Kamjula seeks to challenge the denial of her motion for leave to amend the cross-complaint, she cannot show any potential prejudice from the ruling because she does not contend her proposed amended complaint was meaningfully different. Instead, she says that through the proposed amended complaint, she sought to "continue" with her remaining claims. We therefore need not address the court's ruling. (*J.R. v. Electronic Arts Inc.* (2024) 98 Cal.App.5th 1107, 1115, fn. 2 [appellant must show both error and prejudice].)

## II.

### STRATEGIC WAS NOT ENTITLED TO VOLUNTARILY DISMISS ITS CLAIMS

We conclude Strategic was not entitled to dismiss its claims against Kamjula after the trial court ruled on the summary adjudication motion. An action or complaint may be dismissed, with or without prejudice, "before the actual commencement of trial." (Code Civ. Proc., § 581, subd. (b)(1), (c).)

But "trial" is construed broadly to include dispositive pretrial procedures. (*Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp.* (2009) 174 Cal.App.4th 67, 76.) A plaintiff's right to voluntarily dismiss terminates when the trial court makes a "public and formal indication" of the merits of the case. (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 200.) Even a tentative ruling adverse to the plaintiff can be enough. (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 768–769.)

This rule reflects a practical concern: once the court has indicated an adverse determination, allowing dismissal without prejudice would permit the plaintiff to avoid that ruling and "begin anew," resulting in "annoying and continuous litigation" and a waste of judicial resources. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 785–786 (cleaned up).)

The same principle governs here. Strategic's claims and Kamjula's cross-claims had a common basis—Kamjula's execution of a personal guarantee. Yet Strategic itself successfully asserted that "Kamjula 'never' signed" it.

We do not decide how the voluntary dismissal rule might apply where a cross-defendant's summary adjudication motion relies only on the other party's absence of evidence. But at the very least, a cross-defendant who defeats a cross-claim by affirmatively asserting that a certain fact is

7

untrue, as Strategic did here, cannot later claim in support of its own claim that the fact is true. (See *Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121 [discussing elements of judicial estoppel].) By accepting Strategic's affirmative contention, the trial court made a "public and formal indication" that necessarily doomed Strategic's claims as well. (*Franklin Capital Corp. v. Wilson, supra*, 148 Cal.App.4th at p. 200.) In these circumstances, permitting Strategic to dismiss without prejudice would allow it to evade that determination and potentially relitigate the same claims, contrary to the policy our Supreme Court articulated.

Strategic misconstrues language in some cases stating that only a determination of the *entire case* terminated the right to voluntary dismissal. In those cases, the trial court's ruling had disposed of some—but not all—of the claims the plaintiff or cross-complainant sought to dismiss, so trial on the remaining claims had not yet commenced. (*Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 262, 269; *Cal-Vada Aircraft, Inc. v. Superior Court* (1986) 179 Cal.App.3d 435, 447.) As *Cal-Vada* explains, in that situation, "the rights of the parties have not been determined . . . , and the matter must proceed to trial for that to occur." (*Cal-Vada*, at p. 447.)

By contrast, the summary adjudication ruling here resolved all claims between Strategic and Kamjula—there was no personal guarantee for anyone to sue over. Nothing remained for trial between those parties. That other claims remained pending between Strategic and the buyer is immaterial to this analysis.

We reject Strategic's conclusory assertion that some of its claims against Kamjula were independent of the personal guarantee. The complaint alleges only breach of the promissory note and the personal guarantee.

8

Finally, we are unpersuaded by Strategic's claim that Kamjula lost any right to complain of the voluntary dismissal because she had demanded it herself. After Strategic's initial request to dismiss—rejected for technical reasons—Kamjula's counsel merely e-mailed Strategic's counsel to demand the buyer's dismissal as well. Strategic apparently ignored that demand and simply refiled a corrected request for dismissal of Kamjula alone. Under these circumstances, neither invited error nor equitable estoppel applies. (*Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1204 [invited error applies where appellant misled trial court]; *Migliore v. Mid-Century Ins. Co.* (2002) 97 Cal.App.4th 592, 606 [party asserting equitable estoppel must have relied on opponent's conduct].)

Because the trial court's ruling effectively disposed of Strategic's claims, and as Strategic continues to assert on appeal that Kamjula never signed the guarantee on which Strategic's claims relied, we direct the court to vacate the voluntary dismissal of those claims and enter judgment dismissing them with prejudice. (Code Civ. Proc., § 906 [appellate court may direct proper judgment or order to be entered].)

DISPOSITION

The summary adjudication order dismissing all of Kamjula's cross-claims is affirmed, the judgment is reversed, and the matter is remanded for the trial court to enter judgment dismissing all claims by and

9

against Kamjula with prejudice. The parties shall bear their own costs on appeal.

SCOTT, J.

WE CONCUR:

GOODING, ACTING P. J.

SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.