[Civ. No. 43838. First Dist., Div. Four. Aug. 14, 1978.]

AMERICAN NATIONAL BANK AND TRUST COMPANY OF EAU CLAIRE, WISCONSIN, Plaintiff and Appellant, v. JAMES F. SCHIGUR, Defendant and Respondent.

## COUNSEL

Williams, Van Hoesen & Brigham, Robert S. Epstein and Thomas M. Dillon for Plaintiff and Appellant.

Eagle, Torre, Randall & Courtney and Alexander F. Eagle III for Defendant and Respondent.

## OPINION

**CHRISTIAN, J.**—American National Bank & Trust Company of Eau Claire, Wisconsin, appeals from an order awarding to respondent James F. Schigur, indemnification of costs and counsel fees in the amount of $5,291.16.

Appellant brought an action against defendants, who are not parties to this appeal, to foreclose deeds of trust securing promissory notes and to obtain deficiency judgments against the makers and guarantors of the notes. Some of the defendants cross-complained against appellant, and brought respondent Schigur in as a cross-defendant, upon allegations that respondent, as an officer of appellant, had used fraudulent tactics to induce the cross-complainants to execute the notes which appellant was attempting to collect. It is properly conceded by appellant that if the allegations of fraud had been proven, appellant's claims against the cross-complainants would have been defeated. It is also conceded that the allegations of fraud relate only to respondent's actions as an employee of appellant.

The action has been settled and dismissed with prejudice as to all parties.

On August 9, 1977, pursuant to a request for dismissal of the cross-complaint as against Schigur only, filed by cross-complainants, the cross-complaint was dismissed. However, the answer to the complaint filed by the same parties raised affirmative defenses of fraud and negligence and these issues, which were substantially the same as those raised by the cross-complaint, were not affected by the dismissal of the

cross-complaint. On August 17, Schigur moved for indemnity. No evidence was taken at the hearing; the motion was submitted on oral argument and granted on September 15. The record indicates that settlement negotiations between the bank and defendants were pending which if consummated would have resulted in a substantial reduction of the bank's recovery on the principal amount of the notes. On November 9, by stipulation, the entire action was dismissed with prejudice as to all parties. Thus, the record indicates that there never was a determination of any of the issues raised by the allegations of the cross-complaint or of the affirmative defenses pleaded by defendants in the case in chief. The present appeal followed.

■ Indemnity was claimed by respondent under authority of Corporations Code section 317. That enactment, which was derived from the Model Business Corporations Act,[1] provides that a corporation may indemnify its agent for litigation costs incurred in defending his conduct where the agent has "acted in good faith and in a manner such person reasonably believed to be in the best interests of the corporation . . . ." (§ 317, subd. (b).) Indemnification is made mandatory by subdivision (d) where the "agent . . . has been successful on the merits in defense of any proceeding . . . ." In the present case the cross-complaint against respondent was dismissed. There has been no determination that respondent's defense was meritorious. Therefore, although upon appropriate determination by the corporation, permissive indemnification under subdivision (b) would be lawful, no basis was shown for mandatory indemnity under subdivision (d).

■ Respondent contends that dismissal of the cross-complaint could properly be treated by the court as a determination on the merits. The legislative history of the statute indicates a contrary result. The language in the Model Business Corporations Act, from which subdivision (d) was derived, provided for mandatory indemnification to the extent of success "on the merits *or otherwise.*" (Italics added.) The expression "or otherwise" does not appear in the California enactment; from this omission we infer a legislative intent that mandatory indemnification should depend upon a judicial determination of the actual merits of the agent's defense just as permissive indemnification depends upon a determination by the corporation, as provided in subdivision (e), that the

---

[1] Model Business Corporations Act Annotated (2d ed.) section 5 (1971).

agent's acts met the statutory standards. (See Heyler, *Indemnification of Corporate Agents* (1976) 23 UCLA L.Rev. 1255, 1261.)

The order is reversed.

Caldecott, P. J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.