Filed 10/22/15  Fazio v. The Bank of New York Mellon CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL A. FAZIO et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON et al.<br><br>    Defendants and Respondents. | A144010<br><br>(Alameda County<br>Super. Ct. No. HG14724942) |

Michael A. Fazio and Kim Marie Fazio appeal from a judgment of dismissal entered against them after the trial court sustained a demurrer to their first amended complaint against The Bank of New York Mellon (BNY Mellon or Bank).[1]  This appeal follows on the heels of two other cases that have ruled against the Fazios and in favor of BNY Mellon.[2]  We conclude that the Fazios' claims are barred by principles of res judicata, and we therefore affirm the judgment.

---

[1] The full name of defendant and respondent is The Bank of New York Mellon, FKA The Bank of New York, as Trustee for Certificate Holders of the CWALT, Inc. Alternative Loan Trust 2006-40T1, Mortgage Pass-Through Certificates, Series 2006-40T1.

[2] See *Fazio v. Bank of New York* et al., Alameda County Superior Court case number RG11608571 (the prior state-court action) and *Fazio v. Bank of New York et al.*, United States District Court for the Northern District of California case number 3:13-cv-00554-MEJ (the prior federal-court action).

1

## FACTUAL AND
## PROCEDURAL BACKGROUND

The operative complaint is the Fazios' first amended complaint, which was filed after the trial court sustained with leave to amend BNY Mellon's demurrer to the original complaint. In the first amended complaint, the Fazios alleged that they were the titled owners and in possession of real property located at 1468 East Avenue in Hayward (the property). Other than facts relating to the legal description of the property, the first amended complaint contained vague assertions, conclusory allegations, and unspecific claims. In describing the "present dispute between the parties," for example, it referred to an "alleged Deed of Trust" and "an alleged potential 'Adverse Claim' " (boldface and initial capitalization omitted), and it asserted that BNY Mellon "ha[d] insinuated without provision of corroborative evidence that it ha[d] some interest in the [p]roperty that is adverse to Plaintiffs." In its cause of action for quiet title, the first amended complaint asserted, without providing any details, that "a controversy has arisen and now exists" between the Fazios and BNY Mellon, and it maintained that a "judicial determination of the rights and responsibilities of the parties over, to and about the [p]roperty [was] necessary and appropriate to remove uncertainties that cloud the usefulness and enjoyment of the property."

In September 2014, BNY Mellon filed a demurrer to the first amended complaint and requested judicial notice be taken of a series of pleadings filed in the prior state- and federal-court actions. In the demurrer, BNY Mellon maintained that the first amended complaint failed to state facts sufficient to constitute a cause of action for quiet title because: (1) the claim was barred by the doctrine of res judicata; (2) the Fazios failed to allege they have paid the outstanding debt owing on the property; and (3) the Bank received a valid assignment of the deed of trust and promissory note for the property.

The demurrer was set for a hearing on October 24, 2014. On October 22, two days before the hearing, the trial court issued a tentative ruling sustaining the demurrer without leave to amend. The next day, October 23, the Fazios requested a dismissal of the entire complaint without prejudice and the clerk entered the dismissal.

2

On October 24, 2014, the demurrer was argued, and the court sustained it without leave to amend. The court first found that the Fazios' "purported dismissal without prejudice . . . did not deprive the court of jurisdiction to affirm [the] tentative ruling. [Citation.]" The court noted that after it sustained the demurrer to the Fazios' original complaint, the Fazios were given leave to amend "to allege clearly the basis for the adverse claims to title against which a determination is sought. . . . Rather than do so, [the Fazios] filed a [first amended complaint] that is even more vague and ambiguous as to the basis of [BNY Mellon]'s alleged adverse claim than the prior version of the complaint. [The Fazios'] only allegations in the [first amended complaint regarding their claim for quiet title] . . . is that [BNY Mellon] 'has insinuated without provision of corroborative evidence that it has some interest in the [p]roperty that is adverse to [the Fazios] and that [the Fazios] never delivered a copy of the Deed of Trust to [BNY Mellon]."

The trial court took judicial notice of the original complaint, as well as two exhibits, including the deed of trust and an August 2011 assignment of the beneficial interest in the deed of trust to BNY Mellon by MERS.[3] The court concluded that MERS had authority to assign the beneficial interest in the loan under the terms of the deed of trust and that the Fazios' agreement to these terms precluded them from challenging the assignment. The court further concluded that to the extent the Fazios' claim was based on the separation of the promissory note from the deed of trust as part of the securitization process, "that theory of liability has been soundly rejected by California [appellate] courts. [Citations.]" The court also found that the first amended complaint was defective because it was not verified, and it granted BNY Mellon's request for judicial notice of the series of pleadings filed in the prior state- and federal-court actions.[4]

---

[3] MERS is an acronym for Mortgage Electronic Registration Systems, Inc.

[4] On August 4, 2015, BNY Mellon filed a motion requesting judicial notice in this court, asking that we take judicial notice of the same series of pleadings filed in the prior state- and federal-court actions for which judicial notice had been sought in the trial court. We granted the motion on August 20, 2015.

In sustaining BNY Mellon's demurrer without leave to amend, the court concluded that it "need not reach [BNY Mellon's] argument that [the Fazios'] claims are barred by res judicata."

On October 24, the trial court also temporarily set aside the Fazios' dismissal without prejudice, issued an order to show cause why the dismissal should not be permanently vacated and scheduled a case management conference and hearing on its order to show cause for November 13, 2014. Michael Fazio personally appeared at the November 13 hearing. Following the hearing, the court issued its ruling, finding that the Fazios had "no right to dismiss the complaint without prejudice" because they attempted to dismiss the complaint only because "they were dissatisfied" with the court's tentative ruling to sustain BNY Mellon's demurrer. The court noted that the Fazios employed a similar tactic in the prior state-court action.[5] In ruling on the order to show cause, the court stated that it had "considered the interests of fairness to both [BNY Mellon] and the judicial system, the potential for undermining the tentative ruling system, the negative impact on scarce judicial resources resulting from successive meritless litigation, the potential for encouraging forum shopping, and the need to protect [BNY Mellon] from the prejudice caused by annoying and continuous litigation, and [the court] concluded that [the Fazios'] dismissal without prejudice cannot stand." A judgment in favor of BNY Mellon was filed on November 18, 2014.

## DISCUSSION

### A. *The Trial Court Properly Vacated the Fazios' Dismissal Without Prejudice.*

The Fazios assert that the trial court erred by vacating their voluntary dismissal without prejudice. They contend that under section 581 of the Code of Civil Procedure

---

[5] In the prior state-court action, the trial court vacated the dismissal after concluding that the only reason for the dismissal was "gamesmanship and the desire to engage in forum shopping."

4

(section 581),[6] voluntary dismissal is available "as a matter of right . . . and is effective immediately," thereby depriving the trial court of any further jurisdiction over the action except to award costs or attorney fees.  We are not persuaded.

As observed by Division Two of this Court in *Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60 (*Groth*), " ' "[t]he right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute." [Citation.]' " (*Id.* at p. 66.)  Courts have created exceptions to section 581's general rule that plaintiffs may voluntarily dismiss an action at any time "before the actual commencement of trial" (§ 581, subd. (b)(1)), and these exceptions have evolved as courts construed the term trial to include not only jury or court trials, but also other procedures that " ' "effectively dispose of the case." ' " (*Groth,* at p. 66.)

In considering the scope of a plaintiff's right to a voluntary dismissal in the context of a ruling on a demurrer, *Groth* looked to the California Supreme Court in *Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781 (*Wells*) and concluded that *Wells* reaffirmed "the plaintiff's right to dismiss an action voluntarily 'was ended when a trial court order sustained a defendant's general demurrer without leave to amend.' " (*Groth, supra,* 97 Cal.App.4th at pp. 66-67.)  "*Wells* recognized that to allow the plaintiff to voluntarily dismiss without prejudice after allowing the time limit for amendment to pass would run counter to the Legislature's purpose in amending former Code of Civil Procedure section 581 to 'limit [the plaintiff's] right of voluntary dismissal to the point of the "commencement of trial" ' [citation] and would subvert the statutory scheme. [Citation.]  'The obvious consequence of such a statutory construction would be to

---

[6] Section 581 provides:  "An action may be dismissed [¶] . . . [¶] [w]ith or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court *at any time before the actual commencement of trial.*" (§ 581, subd. (b)(1), italics added.)  Under this section, "trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence." (§ *Id.*, subd. (a)(6).)

prolong, rather than to terminate, lawsuits. It would not serve the orderly and timely disposition of civil litigation. No good reason appears why encouragement should be given to such tactics, the effect of which is to expose defendants to duplicative "annoying and continuous litigation," to burden our trial court with "fruitless" proceedings, and to delay the ultimate resolution of the validity of the plaintiff's pleading. [Citations.]' [Citation.]" (*Groth,* at p. 67.)

Groth then explained that these same interests applied to cut off a plaintiff's right to a voluntary dismissal when the court issues a *tentative* ruling on a dispositive motion, such as a demurrer. "Not only does allowing a plaintiff to file a voluntary dismissal without prejudice in the face of a tentative ruling that the court will sustain the demurrer without leave to amend waste the time and resources of the court and other parties and promote annoying and continuous litigation, but [it also] . . . undermines . . . the tentative ruling system." (*Groth, supra,* 97 Cal.App.4th at p. 70.) The court noted that the plaintiff in the case before it "used the window of opportunity presented by the tentative decision procedure . . . to voluntarily dismiss his action after learning of the court's ruling, but before it could become final." (*Id.* at pp. 70-71.)

Cases subsequent to *Groth, supra,* 97 Cal.App.4th 60 have followed the principle that voluntary dismissal is ineffective after a court announces a tentative ruling adverse to plaintiff on a dispositive motion. (See *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 202 [harmonizing cases and stating voluntary dismissal is ineffective when the dismissal "could be said to have been taken [¶] . . . in the light of a public and formal indication by the trial court of the legal merits of the case, or [¶] . . . in the light of some procedural dereliction by the dismissing plaintiff that made dismissal otherwise inevitable," italics omitted]; accord, *Gogri v. Jack In The Box Inc.* (2008) 166 Cal.App.4th 255, 264 ["Absent special circumstances that make an adverse judgment inevitable, a plaintiff's section 581 voluntary dismissal of an action is timely when, as in this case, it is filed *before* the trial court issues a tentative ruling granting the defendant's motion for summary judgment," italics in original].) We agree with this approach. As one respected treatise has noted, "[a]llowing plaintiffs to dismiss without prejudice after

6

notice of an adverse ruling is contrary to policies noted in *Wells* [*v. Marina City Properties, Inc., supra,* 29 Cal.3d 781]. It would permit a plaintiff 'who was led to suppose a decision would be adverse to him [to] prevent such decision and begin anew, thus subjecting the defendant to annoying and continuous litigation.' Moreover, it would waste 'the time and money of the [P]eople in a fruitless proceeding in the courts,' " citing *Wells,* at p. 785. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶11:25(a)(2), p. 11-14.)

Here, the Fazios filed their voluntary dismissal the day after the trial court issued its tentative ruling sustaining BNY Mellon's demurrer and the day before the hearing on the demurrer. This timing makes it apparent that the Fazios "used the window of opportunity presented by the tentative decision procedure … to voluntarily dismiss [their] action after learning of the court's ruling, but before it could become final." (*Groth, supra,* 97 Cal.App.4th at pp. 70-71.) We conclude that the court correctly vacated the voluntary dismissal under these circumstances.

B.      *The Trial Court Properly Sustained BNY Mellon's Demurrer Without Leave to Amend.*

On appeal from a demurrer sustained without leave to amend, we may "affirm the court's ruling if it is correct under any legal theory raised in the demurrer, whether the court relied on the theory or not. [Citation.]" (*Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946.) Relying on this principle, we affirm the trial court's judgment on res judicata principles.

"Code of Civil Procedure section 1908 codifies the res judicata doctrine, and provides that 'a judgment or final order in an action or special proceeding' is conclusive as to 'the matter directly adjudged.' [Citation.] 'Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] The doctrine applies when (1) the issues decided in the prior adjudication are identical with those presented in the later action; (2) there was a final judgment on the merits in the prior action; and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior

7

adjudication. [Citation.]" (*Needelman v. DeWolf Realty Co., Inc.* (2015) 239 Cal.App.4th 750, 757; *Estate of Dito* (2011) 198 Cal.App.4th 791, 801 ["Under the doctrine of res judicata, 'all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.' [Citation.]")

Our review of the documents submitted with BNY Mellon's motion for judicial notice shows that these principles of res judicata bar the Fazios' action. First, "[a] claim raised in a second suit is 'based on the same cause of action' as one asserted in a prior action if they are both premised on the same 'primary right.' [Citation.] 'The plaintiff's primary right is the right to be free from a particular injury, *regardless of the legal theory on which liability for the injury is based*. [Citation.]' " (*Estate of Dito, supra,* 198 Cal.App.4th at p. 801, italics added.) The Fazios' primary right here—that BNY Mellon has no valid legal or equitable right, title, or interest in the property—is the same primary right the Fazios asserted in the prior state- and federal-court actions.

Second, the prior state- and federal-court actions are final. In the state-court action, judgment was entered in November 2012 after the superior court sustained BNY Mellon's demurrer to the Fazios' first amended complaint without leave to amend. And in the prior federal-court action, the district court granted the Bank's motion to dismiss in July 2013 after concluding "res judicata bars the instant action." These determinations are final for purposes of res judicata. (See *Goddard v. Security Title Insurance & Guar. Co.* (1939) 14 Cal.2d 47, 52 ["judgment [in state-court action] given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit"]; *Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 793 ["dismissal with prejudice [in federal case] is the equivalent of a final judgment on the merits, barring the entire cause of action"].)[7]

---

[7] The record includes no indication that appeals were taken, and the Fazios do not contend that appeals are pending or that the dispositions are otherwise not final.

8

Finally, "[w]ith regard to the issue of privity, the doctrine of res judicata operates to bar any further litigation arising out of the same subject matter of a prior action as between the same parties or parties in privity with them.  [Citation.]"  (*Gates v. Superior Court* (1986) 178 Cal.App.3d 301, 308.)  Here, privity is apparent because the parties are the same as they were in the prior state- and federal-court actions.  We affirm the trial court's judgment of dismissal because the Fazios' action is barred by principles of res judicata.

DISPOSITION

The judgment is affirmed.  BNY Mellon is entitled to costs on appeal.

                                                  _____

                                                  Humes, P.J.

We concur:


_____

Margulies, J.


_____

Dondero, J.


*Fazio v. The Bank of New York* (144010)